MAX HERRING, AS ASSIGNEE OF BRANCH BANKING & TRUST CO., PLAINTIFF V. BENNETT M. KEASLER, JR., DEFENDANT

No. COA01-1000

(Filed 4 June 2002)

**Execution— limited liability companies—distributions—ownership interests**

The trial court did not err in ordering that a judgment be satisfied through the application of the distributions and allocations of defendant's membership interests in several limited

liability companies and in denying plaintiff's motion to have defendant's membership interests seized and sold. N.C.G.S. § 57C-5-03 (2001).

Appeal by plaintiff from order filed 16 May 2001 by Judge Jack W. Jenkins in Wake County Superior Court. Heard in the Court of Appeals 14 May 2002.

*Michael W. Strickland & Associates, P.A., by Nelson G. Harris, for plaintiff-appellant.*

*Hunton & Williams, by John D. Burns, for defendant-appellee.*

GREENE, Judge.

Max Herring (Plaintiff), as assignee of Branch Banking & Trust Company (BB&T), appeals an order filed 16 May 2001 enjoining Plaintiff from seizing or selling Bennett M. Keasler, Jr.'s (Defendant) membership interests in various limited liability companies.

On 3 January 1996, BB&T obtained a default judgment (the judgment) against Defendant and his wife in the amount of $29,062.57 plus interest.[1] On 12 December 2000, BB&T assigned its interest in the judgment to Plaintiff, and Plaintiff obtained a writ of execution against Defendant on 19 March 2001. Subsequently, on 19 April 2001, Defendant filed an emergency motion seeking an order to restrain Plaintiff from attempting to have Defendant's membership interests in several limited liability companies seized and sold. In Defendant's affidavit, he stated he had a 20% membership interest in several limited liability companies, "including River Place I, LLC; River Place II, LLC; River Place III, LLC[;] and River Place IV, LLC [(collectively, the LLCs)], which were created for the purpose of developing real estate in Wake County, North Carolina."

In an order dated 20 April 2001, the trial court temporarily restrained Plaintiff from seeking the seizure and sale of Defendant's membership interests in the LLCs. Thereafter, Plaintiff filed a motion on 23 April 2001 seeking an order under N.C. Gen. Stat. § 1-362 directing Defendant's membership interests in the LLCs be sold and the proceeds applied towards the judgment. Pending the sale of Defendant's membership interests in the LLCs, Plaintiff requested an

---

1. The judgment as to Defendant's wife was subsequently vacated.

order directing any distributions and allocations of those interests to be applied towards the satisfaction of the judgment (charging order). On 16 May 2001, the trial court filed an order: enjoining Plaintiff from seeking the seizure or sale of Defendant's membership interests in the LLCs; denying Plaintiff's motion, insofar as he sought to have Defendant's membership interests in the LLCs sold or transferred; and granting Plaintiff's motion for a charging order. With respect to the charging order, the trial court directed: Defendant's membership interests in the LLCs to be charged with payment of the judgment, plus interest; the LLCs to deliver to Plaintiff any distributions and allocations that Defendant would be entitled to receive on account of his membership interests in the LLCs; Defendant to deliver to Plaintiff any allocations and distributions he would receive; and Plaintiff to not obtain any rights in the LLCs, except as those of an assignee and under the respective operating agreement.

---

The dispositive issue is whether N.C. Gen. Stat. § 57C-5-03 permits a trial court to order a judgment debtor's membership interest in a limited liability company seized and sold and the proceeds applied towards the satisfaction of a judgment.

Generally, a trial court

> may order any property, whether subject or not to be sold under execution (except the homestead and personal property exemptions of the judgment debtor), in the hands of the judgment debtor or of any other person, or due to the judgment debtor, to be applied towards the satisfaction of [a] judgment.

N.C.G.S. § 1-362 (2001). North Carolina General Statutes § 57C-5-03, however, provides that with respect to a judgment debtor's membership interest in a limited liability company, a trial court "may charge the membership interest of the member with payment of the unsatisfied amount of the judgment with interest." N.C.G.S. § 57C-5-03 (2001). This "charge" entitles the judgment creditor "to receive . . . the distributions and allocations to which the [judgment debtor] would be entitled." N.C.G.S. § 57C-5-02 (2001). The "charge" "does not dissolve the limited liability company or entitle the [judgment creditor] to become or exercise any rights of a member." Id. Furthermore, because the forced sale of a membership interest in a limited liability company to satisfy a debt would necessarily entail the transfer of a member's ownership interest to another, thus permitting the purchaser to become a member, forced sales of the type permitted in sec-

tion 1-362 are prohibited. *See* N.C.G.S. § 57C-3-03 (2001) (except as provided in the operating agreement or articles of organization, consent of all the members of a limited liability company required to "[a]dmit any person as a member").

In this case, despite Plaintiff's attempts to have Defendant's membership interests in the LLCs seized and sold, his only remedy is to have those interests charged with payment of the judgment under N.C. Gen. Stat. § 57C-5-03. Accordingly, the trial court did not err in ordering that the judgment be satisfied through the application of the distributions and allocations of Defendant's membership interests in the LLCs and in denying Plaintiff's motion to have Defendant's membership interests seized and sold.

Affirmed.

Judges HUDSON and BIGGS concur.